# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

**No. 201400230**

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## RONALD MONTANO
Master Sergeant (E-8), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Colonel Michael B. Richardson, USMC.
For Appellant: Lieutenant Colonel Richard A. Viczorek, USMCR.
For Appellee: Major Tracey L. Holtshirley, USMC; Lieutenant James M. Belforti, JAGC, USN; Lieutenant Ann E. Dingle, JAGC, USN.

———————————

Decided 15 November 2016

———————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

RUGH, Judge:

A military judge, sitting as a special court-martial, convicted the appellant in accordance with his pleas of attempted indecent visual recording and making a false official statement in violation of Articles 80 and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 907 (2012). The military judge sentenced the appellant to nine months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged on 6 June 2014.

The appellant originally raised three assignments of error (AOE): (1) that the original staff judge advocate's recommendation (SJAR) was deficient; (2) that the appellant was denied the effective assistance of counsel during his original opportunity to submit clemency; and (3) that his sentence was inappropriately severe. On 14 May 2015 we agreed with the appellant's first AOE, set aside the original CA's action, and returned the record for new post-trial processing.

On 2 September 2015, the CA again approved the sentence as adjudged. On 26 October 2015 the appellant raised as supplemental AOE (4) that the new SJAR was again deficient. The government conceded the error, and we agreed, setting aside the second CA's action and returning the record for new post-trial processing on 25 November 2015.

On 24 February 2016, the CA approved the sentence as adjudged once again. The record was re-docketed with this court on 29 April 2016.

In addition to AOE (3), the appellant now raises as error that he was denied the due process of law because of the untimely review of his appeal.[1] Having carefully considered the record of trial and the pleadings, we find no error materially prejudicial to the appellant's substantial rights and affirm the findings and sentence, as approved by the CA below.

## I. BACKGROUND

The appellant and Major KM shared an office while serving as the operations chief and the operations officer for an aircraft wing located on board Marine Corps Air Station Miramar, California. They maintained a professional relationship despite having to share a "very tight space."[2]

On 5 June 2013, as Major KM was preparing to secure for the evening, the appellant asked her if she was going to change clothing in the office before going home. When Major KM responded "no," he commented, "but you always change."[3] The next day, after Major KM indicated she planned to leave the office for an afternoon run, the appellant offered "[y]ou can change [here in the office]. I'm going to get

---

[1] Of note, our action on AOE (1) rendered AOE (2) moot.

[2] Record at 82.

[3] *Id*. at 86.

a haircut."[4] He then surreptitiously angled his Samsung smartphone to capture Major KM's desk and office locker, pressed the phone's record button, and left. Returning to their office after her run, Major KM discovered the phone—which had successfully recorded her changing— and reported the event to the Provost Marshall's office.

When interviewed that evening by Naval Criminal Investigative Service investigators, the appellant initially denied setting up the phone to record Major KM, claiming his phone had been lost or stolen. Eventually, however, the appellant admitted his conduct to investigators.

## II. DISCUSSION

### A. Timeliness of appellate review[5]

At court-martial the appellant pleaded guilty pursuant to a pretrial agreement in which the CA agreed—among other things—to refer the offenses to special court-martial and to dismiss an additional charge. After announcing sentence, the military judge recommended the CA grant clemency in the form of forfeiture protections for the benefit of the appellant's family. However, the original SJAR failed to note the sentencing authority's recommendation, resulting in this court setting aside the original CA's action on 14 May 2015.

On 2 September 2015 the CA again acted to approve the findings and the sentence as adjudged, and the record was returned to the court for completion of appellate review on 25 September 2015.

In his brief filed on 26 October 2015, the appellant asserted that the new SJAR incorrectly applied RULE FOR COURT-MARTIAL (R.C.M.) 1107, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) to his case.[6] The government agreed with the appellant's asserted error via a consent motion filed on 24 November 2015; we set aside the second CA's action on 25 November 2015 and returned the record for new post-trial processing. A new SJAR and addendum were prepared on 7 January 2016 and 23 February 2016, respectively. The appellant submitted a request for clemency on 4 February 2016. The CA

---

[4] *Id*. at 44.

[5] Raised as supplemental AOE (5).

[6] R.C.M. 1107, as amended by Executive Order 13696, 119 Fed. Reg. 35811 (June 22, 2015), required the CA to considered matters submitted by the victim prior to taking action. However, the changes to R.C.M. 1107 applied to offenses committed on or after 24 June 2014. The offenses in this case took place on 6 June 2013.

approved the findings and sentence as adjudged on 24 February 2016. However, the record was not docketed with this court until 29 April 2016—65 days later.

The appellant now asserts that he was denied his right to speedy post-trial review and appeal as a result of the 65 days it took to transmit the record of trial to this court after the CA's third action. He argues that this delay "has caused him to lose faith in the Marine Corps military justice system," and that "[t]his loss of faith has caused him anxiety and concern that he is not being treated fairly by the institution . . . ."[7]

"[C]onvicted servicemembers have a due process right to timely review and appeal of courts-martial convictions." *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citations omitted). We review claims of denial of the due process right to a speedy post-trial review and appeal *de novo*. *Id.*[8]

Due process speedy trial review is triggered by a facially unreasonable delay. *Id.* at 136. Once review is triggered, the analysis is conducted adopting the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): (1) the length of delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *Moreno*, 63 M.J. at 135-39. No one factor is dispositive, but should be balanced within the context of all the relevant circumstances. *Id.* at 136.

The Court of Appeals for the Armed Forces (CAAF) has applied a presumption of unreasonable delay "where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the [CA's] action." *Id.* at 142. The presumption of unreasonable delay also serves to satisfy the first of the four *Barker* factors. *Id.*

Here, the government has failed to articulate a satisfactory reason why the 65–day period from the third CA's action to docketing with this court was not unreasonable. As a result, the first two *Barker* factors cut against the government. However, the appellant only first asserted his right to timely review and appeal in his Second

---

[7] Appellant's Second Supplemental Brief and Assignment of Error of 1 Jun 2016 at 8.

[8] *See United States v. Cooper*, 58 M.J. 54, 58 (C.A.A.F. 2003) (speedy trial issues are conclusions of law that are reviewed under the *de novo* standard).

Supplemental Brief and Assignment of Error on 1 June 2016. This cuts against the appellant.

We then resolve the analysis by considering the prejudice suffered by the appellant as a result of the excessive delay.

The CAAF has adopted the Fifth Circuit's modification in *Rheuark v. Shaw*, 628 F.2d 297, 303 n. 8 (5th Cir. 1980), of *Barker's* framework for analyzing prejudice in the speedy trial context. *Moreno*, 63 M.J. at 138. This modified framework involves an analysis of three, related interests in prompt appeals: (1) prevention of oppressive incarceration; (2) minimization of anxiety; and (3) impairment of the ability to present a defense at a rehearing. *Id.*

### 1. Prevention of oppressive incarceration

This sub-factor directly relates to the success or failure of an appellant's substantive appeal. "'If the substantive grounds for the appeal are not meritorious, an appellant is in no worse position due to the delay, even though it may have been excessive.'" *United States v. Merritt*, 72 M.J. 483, 491 (quoting *Moreno*, 63 M.J. at 139). As we decline to find merit and, thus, grant relief on the appellant's sole remaining issue below, we also find by necessity that the appellant is no worse off than he would have been without the delay in re-docketing the case. As a result, the appellant suffered no prejudice as a result of oppressive incarceration.

### 2. Minimization of anxiety

For this sub-factor, the appellant must show, "'particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision.'" *Id.* (quoting *Moreno*, 63 M.J. at 140). Here, the appellant avers merely a generalized anxiety resulting from his "loss of faith" in the system untethered to the specific delay he identifies in his brief. As a result, he has failed to demonstrate that he suffered a greater-than-normal level of anxiety and that his generalized worry had a nexus to the processing of his appellate review beyond "wondering about the status of [his] case."[9]

---

[9] Appellant's Declaration of 31 May 2016 at 3.

*3. Impairment of ability to present a defense at a rehearing*

As with the first sub-factor, the final sub-factor is related to the success or failure of an appellant's substantive appeal. *Moreno*, 63 M.J. at 140. And like the first sub-factor, our finding below forecloses a finding of prejudice on this final sub-factor. Regardless, the appellant has articulated no impairment, and we find no impairment, hindering his ability to present a defense should a rehearing be authorized in the future.

While we find that the length of the delay between the third CA's action and re-docketing the record with this court was unreasonable,[10] our balancing of the four *Barker* factors leads us to conclude that the appellant was not denied his due process right to speedy trial review. Consequently, he is not entitled to relief on this issue.

## B. Sentence appropriateness[11]

We review the record for sentence appropriateness *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). "This requires individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. McDonald*, No. 201400357, 2016 CCA LEXIS 310, at *4 (N-M. Ct. Crim. App. 2016) (per curiam) (citations and internal quotation marks omitted). "While [a Court of Criminal Appeals] clearly has the authority to disapprove part or all of the sentence findings," we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010).

While acknowledging the appellant's commendable 23-year record of service prior to committing the offenses to which he pleaded guilty and the unreasonable 65-day delay in docketing his case with the court after the most recent CA's action, we find the adjudged sentence in this case appropriate under the circumstances. His was not an impulsive act, as his comment, "but you always change," evinced his desire to record Major KM as early as the day before. When caught, he initially denied encouraging her to change in the office and denied that he knew

---

[10] It is particularly so in light of this case's convoluted history of deficient SJARs and actions.

[11] Raised as AOE (3).

his phone was recording her while she changed. The appellant's actions betrayed the trust of his fellow Marine and superior officer in a manner that caused both embarrassment and lasting impact on Major KM. Under the circumstances, we are convinced that justice was done, and that the appellant received the punishment he deserved. *Healy*, 26 M.J. at 395. Granting relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *See id.* at 395-96.

## III. CONCLUSION

The findings and the sentence, as approved by the CA, are affirmed.


For the Court




R.H. TROIDL
Clerk of Court