Senior Judge CAMPANELLA,
concurring in the judgment,
joined by Judge CELTNIEKS, Judge PENLAND, and Judge BURTON:
The majority reads the recent amendment to Article 56, UCMJ, too broadly, and this reading results in construing the court’s Article 66, UCMJ, authority too narrowly. While the ultimate judgment of not providing relief for sentence appropriateness is sound in this case, the foundation upon which the majority judgment is based is flawed.
In concluding this court has no power to examine the sentence appropriateness of a trial court’s issuance of a mandatory dishonorable discharge, the majority disregards three things. First, the majority disregards the language of the statute mandating a dishonorable discharge; second, they ignore the purpose behind the change in the statute; and finally they discount the precedents regarding the Article 66, UCMJ, authority of a service court of criminal appeal.
Article 66(c), UCMJ, provides this court “may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.” (Emphasis added). The plain language of this provision effectively establishes a three-pronged constraint on our authority to affirm. To affirm the findings and sentence, we must be satisfied that the findings and sentence are: 1) “correct in law,” and 2) “correct in fact.” However, even if these first two prongs are satisfied, we “may affirm only so much of the findings and sentence as we determine, on the basis of the entire record, should be approved,” United States v. Nerad, 67 M.J. 748, 751 (C.A.A.F. 2009) (emphasis added).
This power has been described as “an awesome, plenary, de novo power of review” that we may use to substitute our judgment for that of the trial judge. United States v. Cole, 31 M.J. 270, 272 (C.A.A.F. 1990). “A clearer carte blanche to do justice would be difficult to express.” United States v. Claxton, 32 M.J. 159, 162 (C.M.A. 1991) (citations omitted) (emphasis added). “If the Court ... in the interest of justice, determines that a certain finding or sentence should not be approved ... the Court need not approve such finding or sentence.” Id. While cases have addressed this power within the context of sentence appropriateness determinations, the plain language of the statute, and the quoted decisions, make clear this court’s power is not limited to that application. The *808 majority opinion, likely for the first time ever, finds there is now one area where our “carte blanche” is no longer accepted.
Prior to the recent amendments, the convening authority could reduce the sentence of an accused as a matter of clemency.[12] Congress recently restricted the convening authority’s power. National Defense Authorization Act for Fiscal Year 2017, Pub. L. 114-328, § 5322 (2016) (Limited Authority to Act on Sentence in Specified Post-Trial Circumstances). The new Article 60a, UCMJ, generally limits the convening authority’s clemency powers to minor offenses and punishments. Id.
Congress, however, neither explicitly nor implicitly, restricted our authority under Article 66, UCMJ, to review a mandated sentence of dishonorable discharge for sentence appropriateness and determine whether it “should be approved.”
Having thus reached the question the majority avoids, in this case a dishonorable discharge is appropriate and therefore should be approved.

. This power included the authority to set aside the mandatory minimum punishment of life in prison required by Article 118, UCMJ. As the majority points out, the mandatory minimum punishment in Article 118, UCMJ, is a limitation on the court-martial's sentencing authority, not a limitation on the convening authority or this court.