# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Captain GARY B. HIGGINS
### United States Air Force

## ACM 38477

## 30 October 2014

Sentence adjudged 11 September 2013 by GCM convened at Travis Air Force Base, California.  Military Judge:  Lyndell M. Powell.

Approved Sentence:  Dismissal, confinement for 1 year, and a fine of $4,000.00, and to be further confined until said fine is paid, but not for more than one month in addition to the 1 year of confinement.

Appellate Counsel for the Appellant:  Lieutenant Colonel Jane E. Boomer.

Appellate Counsel for the United States:  Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

This opinion is subject to editorial correction before final release.

PER CURIAM:

The appellant providently pled guilty at a general court-martial to one specification of dereliction of duty, one specification of failing to obey a lawful order, one specification of false official statement, eight specifications of wrongfully possessing controlled substances, and eight specifications of stealing military property from the United States.  The charges and specifications represent violations of Articles 92, 107, 112a, and 121, UCMJ, 10 U.S.C. §§ 892, 907, 912a, 921.  A panel of officer members sentenced the appellant to a dismissal, confinement for 1 year, and a fine of $4,000, with contingent confinement for an additional month until the fine was paid.  The convening authority approved the sentence as adjudged.

Before us, the appellant challenges the appropriateness of his sentence.

*Background*

The appellant was previously court-martialed in July 2012 for stealing controlled substances from the military and for the wrongful use and possession of these substances. The appellant's misconduct took place in March and April 2012 while deployed to Afghanistan. He was sentenced to a dismissal and confinement for 4 months. *United States v. Higgins*, ACM 38202 (A.F. Ct. Crim. App. 15 July 2013) (unpub. op.).

The appellant's court-martial downrange prompted medical personnel at his permanent duty location at Travis Air Force Base (AFB) to investigate whether the appellant had committed any similar misconduct. An investigation revealed that before he deployed, the appellant used an automated pharmacological dispensing system to obtain more than 560 units of controlled substances for his own possession. The appellant obtained these substances (such as Percocet, Morphine, Hydromorphone, and Oxycodone) typically by entering the identifying information of a patient who had recently left the facility but whose information was still stored in the automated system. Many of these patients were not prescribed any medication at the Travis AFB facility; some were merely on medical flights that stopped briefly at Travis AFB before continuing on to their final destination. The investigation revealed no evidence that the appellant ever deprived a patient of needed medication; instead he made false representations that the patients had been prescribed the medication.

The appellant also engaged in misconduct following his first court-martial conviction. While on appellate leave, he used his government travel card, which he should have returned earlier, for unofficial purposes. He also disobeyed a written order from his commander to contact his unit leadership every week.

*Sentence Appropriateness*

The appellant challenges the appropriateness of his sentence on four bases. First, he cites the fact that he had already begun to rehabilitate himself following his first court-martial. Second, he notes that the gravamen of his misconduct in this court-martial occurred before the misconduct that led to his first court-martial. Next, he notes his "exemplary" record of service apart from his previous court-martial. Finally, he asserts that the members incorrectly calculated the value of the medication he stole, leading to a fine that is disproportionate to the Government's loss.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ,

10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006); *see also United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Applying these standards to the present case, we do not find the appellant's sentence inappropriately severe. We have considered, as did the members in this case undoubtedly as well, that the appellant had already served his time in confinement from his first court-martial for related misconduct. We also note, however, that following his first court-martial, the appellant improperly used his government travel card for personal expenses and failed to follow an order from his commander to check in with her every week. We have considered the evidence of the appellant's service record (including a prior referral performance report for failure to meet physical fitness standards) and find it does not justify sentence relief in this case when compared to the long-term, persistent, and egregious nature of his misconduct. We also find the fine imposed by the members was entirely appropriate when compared to the fact that the appellant wrongfully possessed 561 units of controlled substances that belonged to the Government, having fraudulently withdrawn them on behalf of 81 patients who did not require the medication, over the course of more than a year. We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all other matters contained in the record of trial. The appellant's sentence is wholly appropriate for this offender and his offenses.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).[*]

---

[*] We note, as did the appellant in a footnote before this court, that the staff judge advocate's recommendation erroneously advised the convening authority that the court-martial consisted of six members, and that therefore the military judge erred in instructing the members that four members were required to concur in a sentence that included confinement in excess of 10 years. Rule for Courts-Martial 1006(d)(4)(B) requires the concurrence of three-fourths of the members to impose a sentence of confinement for more than 10 years, and the staff judge advocate's recommendation erroneously stated that the concurrence of five members was required. Trial counsel failed to announce the members who were present when the court assembled, but the record is abundantly clear that the court consisted of 11 members at assembly, and six of these members were excused following voir dire. Therefore, five members deliberated on the appellant's sentence and the concurrence of only four was required to impose a sentence in excess of 10 years. The military judge did not err in his instructions to the members, and the appellant was not prejudiced by the staff judge advocate advising the convening authority of a purported error that did not exist for a sentence that was not imposed.

Accordingly, the approved findings and sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38477