# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, T.J. STINSON**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**TRAVIS L. COOK**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201400247**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 25 February 2014.
**Military Judge:** Col. D.J. Daugherty, USMC.
**Convening Authority:** Commanding General, 4th Marine Air Wing, Marine Forces Reserve, New Orleans, LA.
**Staff Judge Advocate's Recommendation:** LtCol E.R. Kleis, USMC.
**For Appellant:** CDR Boyce A. Crocker, JAGC, USN.
**For Appellee:** LCDR Keith B. Lofland, JAGC, USN; LT James Belforti, JAGC, USN.

**29 January 2015**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of three specifications of disobeying a lawful order, one specification of making a false official statement, and thirteen specifications of larceny in violation of Articles 91, 107, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 907, and 921. The military judge sentenced the appellant to

reduction to pay grade E-1, four years and six months confinement, a fine of $466,147.00, and a bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority (CA) suspended all confinement in excess of 36 months. As a matter of clemency the CA disapproved all fines in excess of $131,250.00. The CA approved a sentence of 36 months' confinement, a fine of $131,250.00, reduction to pay grade E-1, and a bad-conduct discharge.

The appellant submits two assignments of error: (1) that it was error for the CA to fail to explain his reasoning for not following the military judge's clemency recommendations and to not comment specifically as to whether he considered the appellant's clemency package,[1] and; (2) that the sentence is inappropriately severe. After careful consideration of the record of trial, the appellant's assignments of error and the parties' pleadings, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

**Background**

The appellant was a supply clerk with a unit in the 4th Marine Aircraft Wing and admitted using his position to order electronic equipment which he then sold through online services such as Craigslist. The appellant falsified records in the electronic database to conceal his thefts. When Gunnery Sergeant O ordered the appellant to stop obligating unit funds, the appellant disobeyed and continued to obligate funds. In total the appellant stole $466,147.00 worth of equipment.

After announcing the sentence the military judge stated:

> Based upon the family situation in this case, the Court further recommends – and I rarely make recommendations on the record – recommends that the accused's wife be provided with legal assistance to determine whether or not she rates innocent spousal support for the six months that the regulations allow for that. Further, the Court recommends that all confinement in excess of 20 months be suspended for the period of confinement plus one year thereafter.

---

[1] This assignment of error is raised pursuant to *United States v. Grostefon*, 12 M.J. 421 (C.M.A. 1982).

2

Record at 131.  The staff judge advocate included the military judge's comment in his recommendation.

The appellant argues that the CA erred in failing to explain why he did not follow the military judge's recommendation and further erred by not commenting specifically on matters submitted in the appellant's clemency package.  In addition, the appellant argues that the military judge's recommendation to reduce the appellant's confinement to 20 months indicates that the sentence, which included a bad-conduct discharge, was inappropriately severe in light of the appellant's prior years of creditable service.  The Government responds that the bad-conduct discharge was an appropriate punishment and should be affirmed.

## Analysis

### Convening Authority's Action

It is well-settled that the CA has the sole discretion to act on matters submitted for clemency consideration.  See *generally* Article 60(c)(1); (the convening authority may exercise "sole discretion" as a matter of "command prerogative" in deciding whether to set aside or modify the findings or sentence); *United States v. Nerad*, 69 M.J. 138 (C.A.A.F. 2010).

In this case the record is clear that the CA, after reviewing the record of trial, staff judge advocate's recommendation, and the submitted clemency materials, elected to not alter the adjudged confinement or the punitive discharge, but rather chose to reduce the fine awarded by approximately three hundred and thirty five thousand dollars.  This is a reasoned exercise of the CA's clemency prerogative under Article 60 and therefore we find this assigned error to be without merit.

### Appropriateness of the Sentence

This court reviews the appropriateness of a sentence *de novo.  United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves.  *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).  As part of that review, we give "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'"  *United States v. Snelling*, 14 M.J.

3

267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

As set forth above, the appellant was convicted of stealing from the Marine Corps on multiple occasions in an amount in excess of four hundred thousand dollars. We conclude that based on the evidence admitted at trial, the post-trial matters submitted by the appellant, and the severity of the offenses committed by the appellant, justice was served and the appellant received the punishment he deserved.

## Conclusion

The findings and sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court