# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Russell J. SABIA
### Electrician's Mate Third Class (E-4), U.S. Coast Guard

### CGCMS 24897
### Docket No. 1384

### 25 February 2015

Special Court-Martial convened by Commander, Coast Guard Sector Columbia River.  Tried at Seattle, Washington, on 21 May 2013.

| | |
|---|---|
| Military Judge: | LCDR Cassie A. Kitchen, USCG |
| Trial Counsel: | LT Benjamin M. Robinson, USCG |
| Assistant Trial Counsel: | LT Jesse L. Houck, USCG |
| Military Defense Counsel: | LT Tereza Z. Ohley, USCGR |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | CDR Michael S. Cavallaro, USCG |

### BEFORE
### McCLELLAND, HAVRANEK & DUIGNAN
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his plea of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of wrongfully communicating a threat, such conduct being to the prejudice of good order and discipline in the armed forces, in violation of Article 134, Uniform Code of Military Justice (UCMJ).  The military judge sentenced Appellant to confinement for 150 days, reduction to E-2, and a bad-conduct discharge.  The Convening Authority approved the sentence except for the confinement, in accordance with the pretrial agreement.[1]

---

[1] The Convening Authority also purported to execute all approved sentence elements.  A bad-conduct discharge cannot be executed prior to completion of appellate review.  R.C.M. 1113(c)(1).  We deem the portion of the Convening Authority's action ordering execution of the bad-conduct discharge to be a nullity.

Before this court, Appellant has assigned as error that the adjudged sentence of a bad-conduct discharge, reduction to E-2, confinement for 150 days is inappropriately severe.

We first note that the approved sentence consists of a bad-conduct discharge and reduction to E-2. Confinement was disapproved. Our starting point for consideration of what part of the sentence should be approved is the bad-conduct discharge and reduction to E-2. *See* Article 66(c), UCMJ.

Upon due consideration, we do not consider the approved sentence inappropriately severe.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judge HAVRANEK concurs.



For the Court,

DuJuan E. Brown
Clerk of the Court

DUIGNAN, J. (concurring):

I find the findings and sentence to be correct in law and fact, and they are appropriately approved by this Court. I am inclined, however, to look more closely than the majority at the

application and limits of Article 66, UCMJ, and how they apply to Appellant's case. Therefore, I write separately.

Appellant, who was having medical problems, found himself in an escalating chain of circumstances that ultimately led to his court-martial. Homeless, and living out of his car in the Pacific Northwest, Appellant needed help. The record indicates that his command knew of his situation, and might have done more to intervene. Appellant's threats—although treated with appropriate seriousness by his command—were essentially a cry for help. No one at the command believed that Appellant truly wanted to harm his chain of command. Rather, the record indicates that Appellant was essentially disconnected from his command altogether:

> DC:  Do you know the names of the XO, CO, and Command Master Chief at Port Angeles?
>
> ACC:  No.
>
> DC:  Do you know what they look like?
>
> ACC:  Not until today, no.
>
> DC:  Did you threaten them by name?
>
> ACC:  No, I didn't, ma'am.
>
> DC:  Did you ever look up to the website to see their pictures—to see what they looked like?
>
> ACC:  No.  No.
>
> DC:  Did you intend to actually harm them?
>
> ACC:  No, I didn't.

(R. at 138.)

Appellant's unsworn statement further amplifies his motivation:

> I was angry and I just—I just wanted someone to help me. I just wanted someone to—it felt like no one, command-wise or workwise [sic], cared. I just wanted help and I just wanted—and they knew—everybody knew my situation, you

know, everybody knew what was going on and no one would help; that's how I felt.

(R. at 137.)

Moreover, as it goes in life, timing is everything. Appellant made his statements on 21 February 2013 and was tried at court-martial on 21 May 2013. The command may have been more sensitive to the nature of Appellant's statements, considering that they were made just two days after a Coast Guard civilian employee had been indicted for the double-murder of colleagues at the Communications Station in Kodiak, Alaska.[2] Current events may have played into the decision to court-martial, rather than assist, Appellant.

Article 66, UCMJ, and the case law guiding our exercise of its powers, gives this Court wide discretion. We must review the entire record. Based on that review, we must determine whether a sentence approved by the convening authority "should be approved" or whether the Court should approve only a "part or amount of the sentence." But even though our discretion is broad, determining sentence appropriateness must be distinguished from clemency, which we have no authority to grant. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citing *United States v. Boone*, 49 M.J. 187.192 (C.A.A.F. 1998)); *United States v. Healy*, 26 M.J. 394, 396 (C.M.A. 1988).

Appellant's case is a close call. This record portrays a command whose apparent indifference to Appellant's problems is troubling. Another convening authority in the exercise of essentially unlimited discretion to grant clemency might have weighed Appellant's difficulties differently, and disapproved a portion of this sentence. Nevertheless, in the context of review under Article 66, UCMJ, and giving individualized consideration to the seriousness of the offense, the evidence admitted in extenuation, mitigation, and aggravation, I do not find the sentence as approved to be inappropriate, and join the Court in affirming it.

---

[2] http://www.adn.com/article/james-wells-pleads-not-guilty-kodiak-coast-guard-murders dated 19 February 2013, last accessed on 23 January 2015.