# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman NOBLE D. DUENAS
### United States Air Force

## ACM S32278

## 8 February 2016

Sentence adjudged 15 July 2014 by SPCM convened at Travis Air Force Base, California. Military Judge: Matthew P. Stoffel (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 2 months, fine of $10,000, and reduction to E-2.

Appellate Counsel for Appellant: Major Thomas A. Smith; Major Grover Baxley; and Captain Lauren A. Shure.

Appellate Counsel for the United States: Lieutenant Colonel Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Rule of Practice and Procedure 18.4.

ALLRED, Chief Judge:

In accordance with her pleas, Appellant was convicted of conspiracy, larceny, entering into a marriage to evade United States immigration laws, and making false or fraudulent statements or representations, in violation of Articles 81, 121, and 134, UCMJ, 10 U.S.C. §§ 881, 921, 934. The special court-martial, composed of a military judge sitting alone, sentenced her to a bad-conduct discharge, confinement for two months, to pay a fine of $10,000, and reduction to the grade of E-2.

Appellant contends on appeal that her sentence is inappropriately severe.[1] Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and the sentence.

*Background*

Appellant is a United States citizen. In November 2009, she met Mr. Timothy Duenas, a Philippine national who was in the United States on a soon-to-expired tourist visa. Appellant and Mr. Duenas agreed that he would pay her $10,000 if she would enter into a sham marriage with him so that he could acquire legal residence in the United States.

In January 2010, Appellant and Mr. Duenas were married in California. However, they never lived together, nor did they ever consummate the marriage. Appellant knew the purpose of their marriage was to evade immigration laws and obtain legal residence in the United States to which Mr. Duenas was not entitled. Moreover, in addition to receiving the agreed $10,000 from Mr. Duenas, Appellant used their fake marriage to obtain military benefits to which she was not entitled. Between January 2010 and February 2014, she wrongfully obtained over $16,000 in Family Separation Allowance (FSA) and Basic Allowance for Housing (BAH) at the with-dependent rate.

Further facts pertinent to Appellant's assignment of error are addressed below.

*Sentence Appropriateness*

Citing her positive service record and the need to care for her child without the stigma of a punitive discharge, Appellant challenges the appropriateness of her sentence. This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Appellant knowingly engaged in a course of criminal conduct spanning four years. In face-to-face interviews and written submissions, Appellant made numerous false statements to the United States Citizenship and Immigration Services (USCIS). While pregnant, she claimed to USCIS that Mr. Duenas was the father of her child; and she

---

[1] This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A 1982).

submitted ultrasound pictures to substantiate this point, when in fact she was carrying the child of her long-time boyfriend. In deceiving USCIS, she enriched herself by $10,000 and obtained unauthorized residency for Mr. Duenas. Furthermore, she engaged in a four-year course of criminal conduct resulting in the fraudulent theft of more than $16,000 from the United States.

Having fully considered this particular Appellant, the nature and seriousness of her offenses, her record of service, and all matters contained in the record of trial, we find the sentence appropriate.

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and the sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court