**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Staff Sergeant DEVON T. SMITH**
**United States Air Force**

**ACM S32152**

**30 July 2014**

Sentence adjudged 30 April 2013 by SPCM convened at Travis Air Force Base, California.  Military Judge:  W. S. Cohen (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 65 days, reduction to E-3, and a reprimand.

Appellate Counsel for the Appellant:  Captain Michael A. Schrama.

Appellate Counsel for the United States:  Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Daniel J. Breen; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

PER CURIAM:

At a special court-martial composed of a military judge sitting alone, the appellant was convicted, pursuant to his pleas, of one specification of larceny, in violation of Article 121, UCMJ, 10 U.S.C. § 921.  Contrary to his pleas, he was convicted of one specification of wrongful appropriation and seven specifications of larceny, also in

violation of Article 121, UCMJ.[1]  The court sentenced him to a bad-conduct discharge, confinement for 65 days, reduction to the grade of E-3, and a reprimand. The convening authority approved the sentence as adjudged.

The single issue the appellant raises on appeal is whether his sentence is inappropriately severe.

*Background*

The appellant, a Staff Sergeant with a clean 10-year service record, was contending with a variety of significant stressors when he engaged in a 5-week-long series of thefts at the Base Exchange.  According to the pre-sentencing evidence presented at trial and the appellant's clemency submissions, he was dealing with PTSD from deployments earlier in his career, the 2010 cancer death of his father, involuntary retraining in 2011, physical fitness challenges, financial difficulty, and depression.  He had sought and was receiving mental health assistance in dealing with these stressors.

In November 2012, the appellant began obtaining fraudulent store credit by entering the Exchange, taking merchandise without paying for it, and submitting it for a "refund" without a receipt.  He would then use the store credit to buy other merchandise, including an iPad, several video games, candy, and energy drinks.  Every three to five days, from 25 November 2012 to 11 December 2012, he would return to the store to exchange merchandise for credit.  From 11–27 December 2012, there was a break.  But the appellant returned to his scheme, seeking fraudulent refunds again on 27 December 2012 and 2 January 2013, before being apprehended on 3 January 2013 trying to leave the store with just over five hundred dollars' worth of merchandise he had not paid for.  In total, the appellant was convicted of wrongfully obtaining over $2,350 in store credit over the five-week period.

*Sentence Appropriateness*

The appellant challenges the appropriateness of his sentence, asking that the Court disapprove the bad-conduct discharge.  This Court reviews sentence appropriateness de novo.  *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).  We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved."  Article 66(c), UCMJ, 10 U.S.C. § 866(c).  "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial."  *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009).  Although we are accorded great discretion in determining whether a particular sentence is

---

[1] The military judge excepted from the wrongful appropriation specification two of twelve listed items the appellant was alleged to have wrongfully appropriated, and acquitted the appellant of an eighth specification of larceny, alleged as a violation of Article 121, UCMJ, 10 U.S.C. § 921.

appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 145-46 (C.A.A.F. 2010).

The appellant's adjudged and approved sentence is appropriate. The appellant's persistent criminal conduct warrants substantial punishment. While it is clear from the record that the appellant faced significant challenges in his life, none are an excuse for criminal conduct. This case presented multiple opportunities for the appellant to reflect on the wrongfulness of his conduct and stop. Instead, he continued to steal from the Base Exchange until he was caught. His failure to stop stealing on his own, coupled with the value of the items obtained, would have justified a more severe sentence than was adjudged, which indicates the military judge seriously considered the appellant's extenuation and mitigation evidence. Having fully considered the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial, we find the sentence appropriate.

## *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

3                                              ACM S32152