**\*\*\*\* CORRECTED COPY \*\*\*\***

# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class ANDREW J. HALATYN
## United States Air Force

## ACM S32320

## 10 March 2016

Sentence adjudged 10 April 2015 by SPCM convened at Yokota Air Base, Japan. Military Judge: Gregory O. Friedland (sitting alone).

Approved sentence: Bad-conduct discharge, confinement for 90 days, forfeiture of $1,000.00 pay per month for 4 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Lieutenant Colonel Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

TELLER, SANTORO, and ZIMMERMAN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

A military judge sitting as a special court-martial convicted Appellant, pursuant to his plea, of the wrongful use of lysergic acid diethylamide (LSD) in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The adjudged sentence was a bad-conduct discharge, confinement for 4 months, forfeiture of $1,000 pay per month for 4 months, and reduction to E-1. Pursuant to a pretrial agreement, the convening authority reduced the period of confinement to 90 days but approved the remainder of the adjudged sentence. On appeal, Appellant contends that his sentence is inappropriately severe. We disagree and affirm.

*Background*

In October 2014, Appellant used approximately 10 "hits" of LSD in his dormitory room on Yokota Air Base, Japan. Once he started feeling the effects, he called his supervisor to take him to the base hospital. A subsequent test confirmed the presence of LSD in his blood.

*Sentence Appropriateness*

Appellant alleges that a bad-conduct discharge is inappropriately severe for the offense of which he was convicted. We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 MJ. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The maximum imposable sentence was the jurisdictional limit of this special court-martial: a bad-conduct discharge and confinement for one year. The pretrial agreement to which Appellant agreed further limited the amount of confinement to 90 days. The approved sentence, which included a bad-conduct discharge and confinement for 90 days, was clearly within the discretion of the convening authority and was clearly contemplated and authorized by Appellant's pretrial agreement.

We have given individualized consideration to this Appellant, his conduct, and the other relevant matters within the record of trial. Although the use of LSD occurred on a single occasion, Appellant used a significant quantity of the drug on a military installation. Moreover, Appellant's rehabilitation potential is called into question by his failure to comply with the requirements of the ADAPT (Alcohol and Drug Abuse Prevention and Treatment) program in which he was enrolled. We find that the approved sentence is not inappropriately severe.

*Conclusion*

The approved finding is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).  Accordingly, the approved finding and the sentence are

**AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

ACM S32320