# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38896**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Mark W. HARLEY, Jr.**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 6 March 2017

————————————

*Military Judge:* Shelly W. Schools (sitting alone).

*Approved sentence:* Dishonorable discharge, confinement for 42 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 24 June 2015 by GCM convened at Kadena Air Base, Japan.

*For Appellant:* Major Isaac C. Kennen, USAF; Captain Annie W. Morgan, USAF; Brian L. Mizer, Esquire.

*For Appellee:* Lieutenant Colonel Roberto Ramírez, USAF; Captain Matthew L. Tusing, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, SPERANZA, and JOHNSON, *Appellate Military Judges.*

Judge JOHNSON delivered the opinion of the Court, in which Senior Judge MAYBERRY and Judge SPERANZA joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

JOHNSON, Judge:

A general court-martial composed of a military judge sitting alone found Appellant guilty in accordance with his pleas of one specification of possession

of child pornography, such conduct being of a nature to bring discredit upon the armed forces, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. Appellant's adjudged and approved sentence consisted of a dishonorable discharge, confinement for 42 months, total forfeiture of all pay and allowances, and reduction to E-1.

Appellant raises a single assignment of error: whether his sentence to 42 months of confinement is inappropriately severe. We find it is not, and we affirm the findings and sentence.[1]

## I. BACKGROUND

Appellant entered the Air Force in November 2012 and was assigned to Kadena Air Base, Japan. In August 2014, Air Force Office of Special Investigations (AFOSI) agents detected activity on a peer-to-peer Internet site indicating someone using an account traced to Appellant was downloading suspected images of child pornography. A month later, AFOSI agents obtained and executed a search and seizure authorization, seizing several electronic media and storage devices belonging to Appellant. Analysis by the Defense Computer Forensics Laboratory revealed 534 media files previously identified by the National Center for Missing and Exploited Children as depicting child pornography involving known minor victims.

Prior to his court-martial, Appellant entered a pretrial agreement with the convening authority whereby the latter agreed not to approve confinement in excess of 42 months. The agreement contained no other limitations on the sentence the convening authority could approve.

## II. DISCUSSION

### A. Standard of Review

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the of-

---

[1] This court specified an additional issue for the parties to brief related to files missing from a disk included as a sealed prosecution exhibit in the court's copy of the record of trial. The issue was ultimately resolved when the military judge accomplished a certificate of correction in accordance with Rule for Courts-Martial 1104(d) and does not require further discussion here.

fense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010).

## B. Analysis

Appellant contends that, as a general proposition, 42 months of confinement is inappropriately severe for a first-time offender convicted of possession of child pornography not involving production of such material or any other offense. He points to several opinions from the civilian federal judiciary as well as various articles and reports questioning the propriety of the sentencing regime for child pornography offenders in the civilian federal courts. In Appellant's opinion, his case is toward the lower end of the spectrum of severity of child pornography offenders because it does not involve active participation in an online community of offenders, other sexual offenses involving children, or thousands of known images of child pornography as seen in some other cases. Therefore, Appellant contends this court should approve only 24 months of confinement.

We disagree, but we first address one of the arguments advanced by the Government in opposition to Appellant's claim of error. The Government points to Appellant's pretrial agreement, asking "What is the point of a convening authority and an accused negotiating a pretrial agreement if the accused is simply going to later complain to this Court when the accused gets what he bargained for with the [G]overnment?" The Government contends Appellant is requesting that this court "usurp" the powers of the convening authority. The Government appears to misconceive the nature and "point" of the pretrial agreement. A pretrial agreement is an agreement that the accused and the convening authority will perform the specified terms; it is not necessarily an agreement by an accused that he or she deserves a particular sentence. Nor can it or should it constrain this court from assessing whether an adjudged and approved sentence is in fact appropriate in light of evidence adduced at a trial that had not yet occurred and a record that did not yet exist at the time the agreement was made. *See* 10 U.S.C. § 866(c). The existence of such an agreement may be considered as part of the totality of the circumstances surrounding a particular case, but it is hardly dispositive of sentence appropriateness.

Nevertheless, we do not find Appellant's sentence to be inappropriately severe. Appellant possessed over 500 depictions of child pornography involving known victims. The child pornography at issue in this case included various types of explicit and severe sexual abuse of very young children. Appellant specifically sought out such material on the Internet and collected it in files organized by category. Appellant faced a maximum term of confinement of ten

years; he was sentenced to just over a third of that amount. After giving individualized consideration to Appellant, his record of service, the nature and severity of the offense, and all other matters contained in the record of trial, we cannot say the approved sentence is inappropriately severe.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court