# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM S32403

_____

### UNITED STATES
*Appellee*

v.

### Trevor D. WILLINGHAM
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 20 July 2017

_____

*Military Judge:* Mark W. Milam.

*Approved sentence:* Bad-conduct discharge, confinement for 45 days, and re-duction to E-1. Sentence adjudged 8 March 2016 by SpCM convened at Barks-dale Air Force Base, Louisiana.

*For Appellant:* Major Mark C. Bruegger, USAF.

*For Appellee:* Gerald R. Bruce, Esquire.

Before MAYBERRY, KIEFER, and C. BROWN, *Appellate Military Judges.*

Judge KIEFER delivered the opinion of the court, in which Senior Judge MAY-BERRY and Judge C. BROWN joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

_____

KIEFER, Judge:

A special court-martial consisting of a military judge sitting alone convicted Appellant, pursuant to his pleas and a pretrial agreement (PTA), of wrongful use of cocaine and divers wrongful use of oxycodone, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 45

days, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged, but deferred automatic forfeitures for the benefit of Appellant's dependents.[1] Appellant alleges that his sentence was inappropriately severe.

## I. BACKGROUND

Appellant was involved in an automobile accident on 29 November 2015. He claims he was injured in the accident and experienced pain in his hand, neck, and back. On 1 December 2015, Appellant's wife gave him one of her prescription oxycodone pills for his pain. Appellant placed the pill in his mouth and swallowed it. That same evening Appellant and his wife went to a local strip club in Bossier City, Louisiana. While at the club, a dancer offered Appellant cocaine. Appellant accepted the cocaine and snorted two lines of the drug through his nose.

On 2 December 2015, before leaving his home to report for duty, Appellant again ingested one of his wife's oxycodone tablets. Later that day, Appellant was selected to provide a urine sample as part of a random inspection. This sample tested positive for a metabolite of cocaine, oxycodone, and oxymorphone.

Appellant alleges that his approved sentence of a bad-conduct discharge, 45 days of confinement, and reduction to the grade of E-1 is inappropriately severe. We disagree.

## II. DISCUSSION: SENTENCE SEVERITY

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We may "affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Here, Appellant was convicted of using controlled substances on multiple occasions. He accepted these controlled substances from a stranger and his wife and knowingly ingested them. One wrongful use was just prior to leaving

---

[1] Pursuant to Articles 57a. and 58b, UCMJ, 10 U.S.C. §§ 857a, 858b.

for work. At trial, both the Government and Appellant offered portions of his service record, which included several strong enlisted performance reports and evidence of three deployments. Appellant's service record also included nonjudicial punishment for choking his wife. Finally, Appellant offered character letters and other evidence in extenuation and mitigation.

The maximum authorized sentence for Appellant's offenses was the jurisdictional limit of a special court-martial. Appellant negotiated a pretrial agreement which limited the convening authority's approval of confinement to four months, but imposed no other sentence limitations. We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. Appellant cites numerous military awards, his excellent performance reports, and his deployment record to support his argument that a bad-conduct discharge is not appropriate in his case. While certain aspects of Appellant's military record are very favorable, they must be balanced against the negative aspects, including the nonjudicial punishment for choking his spouse, as well as the seriousness of the offenses. We find the approved sentence of a bad-conduct discharge, 45 days of confinement, and reduction to the grade of E-1 is not inappropriately severe based on the facts of this case.

## III. CONCLUSION

The findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court