# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38946**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jorge O. Pagan**
Captain (O-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 24 March 2017

————————————

*Military Judge:* Shelly W. Schools.

*Approved sentence:* Dismissal, confinement for 30 days, and a reprimand. Sentence adjudged 27 October 2015 by GCM convened at Joint Base San Antonio-Randolph, Texas.

*For Appellant:* Major Mark C. Bruegger, USAF; Major Jeffrey A. Davis, USAF; Captain Jarett Merk, USAF.

*For Appellee:* Captain Sean J. Sullivan, USAF; Gerald R. Bruce, Esquire.

Before DUBRISKE, HARDING, and C. BROWN, *Appellate Military Judges*

Judge C. BROWN delivered the opinion of the court, in which Senior Judge DUBRISKE and Judge HARDING joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

C. BROWN, Judge:

At a general court-martial composed of officer members, Appellant was convicted, consistent with his pleas, of two charges of violating a lawful general regulation in violation of Article 92, Uniform Code of Military Justice (UCMJ),

10 U.S.C. § 892.[1] The panel sentenced Appellant to a dismissal, confinement for 30 days, and a reprimand. The convening authority approved the sentence as adjudged.

On appeal, Appellant asserts that his sentence, specifically the dismissal, is inappropriately severe based upon the facts and circumstances of his case. Finding no relief is warranted, we affirm the findings and sentence.

## I. BACKGROUND

At the time of the offenses, Appellant was a 28-year-old Reserve Officer Training Corps (ROTC) Instructor and Assistant Operations Flight Commander assigned to the ROTC Detachment at Texas State University in San Marcos, Texas. In this role, he was responsible for teaching and mentoring undergraduate student cadets who were members of the Texas State University ROTC Program. During the fall semester, 2013, Appellant developed a personal relationship with JR, a 19-year old ROTC cadet assigned to Appellant's detachment, in violation of Air Education and Training Command Instruction, 36-2909, *Professional and Unprofessional Relationships*. Appellant texted and called JR, inviting her to drink at an off-campus bar and also at his private residence. When JR refused, Appellant told her "Don't say anything, that's how word gets around."

Similarly, in the fall semester of 2014, Appellant developed an intimate and sexual relationship with TC, another 19-year old cadet assigned to his detachment. Appellant asked TC to come to his office at the ROTC Detachment on campus after hours. After she arrived, Appellant kissed TC, who asked him if he was married. After Appellant confirmed he was married, TC told Appellant "we shouldn't be doing this." Appellant then sat TC on his lap in a chair in his office, kissed her neck, pulled down her sweatpants, and caressed her bare buttocks. TC pulled her pants up and again told Appellant, "We shouldn't be doing this." Appellant responded, "I know." Appellant lifted TC's shirt and sucked on her bare breast, and later touched her vagina. Finally, Appellant exposed his penis and said, "Let's see what a 19 year-old can do, let's see if a 19 year-old can make me cum." TC performed oral sex on Appellant for approximately eight seconds and then Appellant masturbated until he ejaculated on TC's bare breasts. Prior to TC leaving his office, Appellant stated, "Don't tell anyone, I could get into really big trouble, and make sure no one sees you."

---

[1] Pursuant to a pretrial agreement, Appellant pleaded not guilty to Charge II and its three Specifications alleging violations of Article 120, UCMJ, 10 U.S.C. § 920. After announcement of sentence, the military judge dismissed Charge II and its Specifications with prejudice.

## II. DISCUSSION

Appellant asserts that his crime of violating a lawful general regulation by developing a personal and a sexual relationship with two ROTC cadets does not warrant a dismissal. We are not persuaded.

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The maximum authorized sentence for Appellant's offenses was a dismissal, confinement for four years, and forfeiture of all pay and allowances. Appellant negotiated a pretrial agreement which limited the convening authority's approval of confinement to six months, but imposed no other sentence limitations. Thus, the approved sentence of a dismissal, confinement for 30 days, and a reprimand was clearly within the discretion of the convening authority.

We have given individualized consideration to this Appellant, his conduct, his military career and accomplishments, and the other relevant matters within the record of trial. Appellant cites numerous military awards, his excellent performance record, his advanced degree, and his cooperation with the Air Force Office of Special Investigations to support his argument that a dismissal is not appropriate in his case. While Appellant has an otherwise fairly good military record, the mitigating factors he cites must be balanced against the seriousness of the offenses Appellant committed. Appellant, an ROTC cadre member whose duty was to teach and mentor future Air Force officers, instead developed both personal and sexual relationships with cadets under his charge. We find the approved sentence is not inappropriately severe.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED.**[2]

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

[2] We note both the Report of Result of Trial and Court-Martial Order (CMO) fail to reflect Appellant's plea of not guilty to Charge II and its Specifications or their subsequent dismissal with prejudice at trial. Appellant was not prejudiced by this oversight; however, we direct promulgation of a new CMO to accurately reflect the pleas and findings in this case.