# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————————

**No. ACM 39162**

———————————————

**UNITED STATES**
*Appellee*

**v.**

**Brandon S. JUSTICE**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

———————————————

Appeal from the United States Air Force Trial Judiciary

Decided 14 March 2018

———————————————

*Military Judge:* Shaun S. Speranza (motions); Donald R. Eller, Jr. (arraignment); Mark Milam.

*Approved sentence:* Dishonorable discharge, confinement for 35 years, and reduction to E-1. Sentence adjudged 9 June 2016 by GCM convened at Royal Air Force Lakenheath, United Kingdom.

*For Appellant:* Major Patricia Encarnación Miranda, USAF.

*For Appellee:* Colonel Julie L. Pitvorec, USAF; Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major Amanda L.K. Linares, USAF; Major Meredith L. Steer, USAF; Captain Tyler B. Musselman, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, HARDING, and HUYGEN, *Appellate Military Judges.*

Judge HUYGEN delivered the opinion of the court, in which Chief Judge MAYBERRY and Senior Judge HARDING joined.

———————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————————

HUYGEN, Judge:

A general court-martial composed of a military judge convicted Appellant, in accordance with his pleas, of four specifications of aggravated sexual contact with two children under the age of 12 years; one specification of abusive sexual contact on divers occasions of an adult; three specifications of sexual assault on divers occasions of his spouse; one specification of sexual abuse of a child under the age of 12 years; three specifications of viewing child pornography; and one specification of possessing child pornography, in violation of Articles 120, 120b, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 920b, 934. The court-martial sentenced Appellant to a dishonorable discharge, confinement for 47 years, and reduction to the grade of E-1. In accordance with a pretrial agreement (PTA), the convening authority approved confinement for only 35 years but otherwise approved the sentence as adjudged. Although not required by the PTA, the convening authority deferred until action the reduction to E-1 and waived mandatory forfeiture of pay and allowances for the benefit of Appellant's spouse and dependent children for six months or the expiration of Appellant's term of service, whichever is sooner.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant raises the following issues on appeal: (1) whether his sentence is inappropriately severe; (2) whether Appellant is entitled to relief due to illegal pre- and post-trial punishment; (3) whether he is entitled to another opportunity to request clemency; and (4) whether he is entitled to relief due to Air Force Office of Special Investigations (AFOSI) actions during the investigation.* We find no error that materially prejudiced a substantial right of Appellant and affirm the findings and sentence.

## I. BACKGROUND

In October 2015, Appellant admitted to his spouse, KJ, that he communicated online with other women. After speaking with a military chaplain, Appellant admitted to KJ that he was sexually attracted to children and had viewed child pornography. He told KJ that he was making the admissions because he wanted help. Subsequently, KJ informed Appellant's squadron commander, who then contacted AFOSI. KJ consented to a search of the resi-

---

* Regarding issues (2)-(4), we considered Appellant's claims and his burden with respect to each during our review of the case. We reject these claims; they do not require additional analysis or warrant relief. *See United States v. Matias*, 25 M.J. 356 (C.M.A. 1987).

dence where she, Appellant, and their three children lived. AFOSI also obtained a search authorization from a military magistrate. AFOSI seized computers and electronic media from the residence and Appellant's cellphone. On 21, 22, and 23 October 2015, Appellant waived his rights under Article 31, UCMJ, and was interviewed by AFOSI. During the interviews, Appellant admitted to sexual assault of KJ, sexual contact with three girls, and viewing child pornography.

## II. DISCUSSION

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (quoting *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009)). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

In May 2016, Appellant and the convening authority entered into a PTA wherein Appellant agreed, *inter alia*, to plead guilty to 13 of 25 specifications. In exchange, the convening authority agreed, *inter alia*, to withdraw and dismiss the remaining 12 specifications and not to approve confinement in excess of 35 years.

During the sentencing proceeding, the military judge granted the Defense motion for relief in sentencing for unreasonable multiplication of charges (three specifications of sexual assault of Appellant's spouse and four specifications involving child pornography) and thereby reduced the maximum term of confinement by 90 years from 237 to 147 years. Specifically with regard to confinement, the Government asked for 42 years; the Defense asked for 17 years. The adjudged sentence included 47 years of confinement. In a request for clemency, Appellant asked the convening authority to reduce confinement to no more than 25 years. Pursuant to the PTA, the convening authority approved 35 years of confinement.

Now on appeal, Appellant asserts that he is "worthy of a lesser sentence" and requests the court to reduce his sentence to time served, or less than two years. He argues that the adjudged sentence of 47 years was "unnecessarily severe based on the needs of public safety and good order and discipline." He also contends that, because of his strong resolve not to re-offend, his sentence should be lessened "to more efficiently provide for the needs of justice without

overly burdening the resources or the moral conscience of the American people." In effect, Appellant asks the court to grant clemency, which we cannot do. We considered Appellant; the nature and seriousness of his admitted offenses (aggravated sexual contact with and sexual abuse of three children under the age of 12, abusive sexual contact, sexual assault of his spouse, and viewing and possessing child pornography); his 14-year record of service; and all matters contained in the record of trial. We conclude the approved sentence, including 35 years of confinement, is not inappropriately severe.

## III. Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court