# United States Navy-Marine Corps Court of Criminal Appeals

————————————

**UNITED STATES**
*Appellee*

v.

**Tyler J. GOODLIN**
**Lance Corporal (E-3), U.S. Marine Corps**
*Appellant*

————————————

**No. 201800159**

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary.

*Decided:* 22 January 2019.

————————————

*Military Judge:* Major Terrance J. Reese, USMC.

*Approved Sentence:* Reduction to pay grade E-1, 40 months' confinement,[1] and a dishonorable discharge. Sentence adjudged 6 March 2018 by a general court-martial convened at Camp Lejeune, North Carolina, consisting of a military judge sitting alone.

*For Appellant:* Commander Mark Takla, JAGC, USN.

*For Appellee:* Lieutenant Timothy C. Ceder, JAGC, USN.

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 30.2(b).**

————————————

[1] The convening authority suspended confinement in excess of 15 months pursuant to a pretrial agreement.

_____

Before FULTON, CRISFIELD, and HITESMAN,
*Appellate Military Judges.*

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of a single specification of aggravated assault in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. The appellant raises a single assignment of error contending that his adjudged sentence to a dishonorable discharge is inappropriately severe. We disagree and affirm the findings and sentence.

## I. BACKGROUND

The appellant was on the ground level in the designated smoking area near the barracks when he engaged in a verbal altercation with a Marine on the third deck balcony of the barracks. Challenges were made and a physical altercation became imminent when the Marine on the third deck began to make his way down to the smoking area to confront the appellant. Meanwhile, the appellant went to his room and obtained a three-foot long, seven pound metal rod. A Marine Corporal, who had witnessed the verbal altercation, observed that the appellant had the metal rod, and attempted to intervene and de-escalate the situation. Without warning, the appellant swung the rod like a "baseball bat"[2] striking the Corporal in the face. The force of the blow broke the Corporal's jaw into six pieces, knocked out two of his teeth, and resulted in significant scaring and nerve damage to his face. The Corporal nearly died from complications associated with the injuries and had to be placed in a medically induced coma for several days. The Corporal underwent extensive emergency lifesaving and reconstructive surgeries.

During the presentencing hearing, the appellant presented evidence in extenuation and mitigation. Through witnesses and his own unsworn statement, the appellant focused on his character for peacefulness and his experience of being beaten up in high school. The trial counsel presented evidence focusing on the extent of the injuries to the victim.

_____

[2] Prosecution Exhibit 1 at 2.

## II. Discussion

We "may affirm only such finding of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ. "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). In making this assessment, we analyze the record as a whole. *Healy*, 26 M.J. at 395. Despite our significant discretion in determining sentence appropriateness, we must remain mindful that we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The appellant had no disciplinary issues prior to the incident that resulted in his court-martial. However, the level of violence with which he attacked a fellow Marine who was attempting to de-escalate the situation far outweighs his otherwise good service record and character for peacefulness. Reviewing the nature and seriousness of the offense and the character of the offender we are satisfied that the appellant's sentence is appropriate.

## III. Conclusion

We are convinced that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ. The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court