# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————

**No. ACM 40281**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Dylan D. O'HARA**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 April 2023

———————————

*Military Judge:* Michael A. Schrama.

*Sentence:* Sentence adjudged on 3 March 2022 by a GCM convened at Eglin Air Force Base, Florida. Sentence entered by military judge on 14 April 2022: Dishonorable discharge, confinement for 26 months, total forfeiture of pay, reduction to E-1, and a reprimand.

*For Appellant:* Major Megan E. Hoffman, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Major Morgan R. Christie, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire; Alexis R. Wooldridge (Legal Intern).[1]

Before JOHNSON, ANNEXSTAD and GRUEN, *Appellate Military Judges*.

Judge ANNEXSTAD delivered the opinion of the court, in which Chief Judge JOHNSON and Judge GRUEN joined.

———————————

———————————

[1] Ms. Wooldridge was a legal intern with the Government Trial and Appellate Operations Division of the Military Justice and Discipline Directorate and was at all times supervised by attorneys admitted to practice before this court.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————————

ANNEXSTAD, Judge:

On 3 March 2022, a military judge sitting as a general court-martial at Eglin Air Force Base, Florida, convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge and nine specifications of sexual abuse of a child under the age of 16 years in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b.[2] Pursuant to the plea agreement, the military judge sentenced Appellant to a dishonorable discharge, confinement for 26 months, total forfeiture of pay, reduction to the grade of E-1, and a reprimand.[3]

Appellant raises two issues on appeal: (1) whether Appellant's sentence was inappropriately severe; and (2) whether Appellant was denied the effective assistance of counsel under the Sixth Amendment[4] for alleged deficiencies in the performance of his trial defense counsel during sentencing argument.[5]

As to Appellant's second issue, we find it does not warrant further discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

Finding no error that materially prejudiced a substantial right of Appellant, we affirm the findings and sentence.[6]

———————————————

[2] References to the punitive article concerning Specification 1 of the Charge are to the *Manual for Courts-Martial, United States* (2016 ed.). All other references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] The sentencing parameters in the plea agreement included a range of confinement from 12 to 36 months for each specification, with all confinement running concurrently. The plea agreement also specified that Appellant would receive a punitive discharge.

[4] U.S. CONST. amend. VI.

[5] Issue (2) was personally raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[6] We note that because Appellant was convicted of at least one offense that occurred prior to 1 January 2019 the convening authority was required to take action on his sentence, and that the convening authority's failure to do so in this case was error. *See* Executive Order 13,825, § 6(b)(1), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018); *United States v. Brubaker-Escobar*, 81 M.J. 471, 472 (C.A.A.F. 2021) (per curiam). We also note that Appellant specifically asserted in his brief to this court that he has not suffered any prejudice due to this error. We agree and conclude that Appellant did not suffer any material prejudice as a result of this error. *See Brubaker-Escobar*, 81 M.J. at 475 (holding an Appellant must demonstrate "material prejudice" to be entitled to relief for the convening authority's error for failing to take action on the sentence).

## I. BACKGROUND

In December 2018, while Appellant was stationed at Eglin Air Force Base in Florida, his wife discovered several social media accounts that she believed Appellant was using to communicate with underage girls. After initially denying any communication with underage girls, Appellant eventually admitted to his wife that he had "an attraction to" and had messaged a number of "teenage girls" on social media platforms. As a result of these discoveries, Appellant and his wife met with a marriage counselor. During an appointment, Appellant's wife described to the counselor some of the messages Appellant sent to the teenage girls. The marriage counselor then stopped the session and explained to the couple that she was a mandatory reporter. She subsequently called the Fort Walton Beach Police Department (FWBPD). After discerning that Appellant was an active-duty servicemember, the FWBPD informed the Air Force Office of Special Investigations (AFOSI).

Soon thereafter, law enforcement officers searched Appellant's person, residence, and vehicle, and seized four cellular phones, a laptop computer, an Apple iPad, and a hard drive. When conducting an initial search of Appellant's iPhone, AFOSI agents located messages between Appellant and his wife, one of which contained Appellant's admission, "I do have attraction to teenage girls." The devices were then sent to the Defense Cyber Crime Center for analysis. There, computer forensic examiners conducted a search of Appellant's devices and recovered messages detailing Appellant's online activities.

During Appellant's guilty plea inquiry, he admitted to initiating communication with nine different girls between the ages of 12 and 15 years old through Snapchat, a social media application. In each instance, Appellant acknowledged that he requested the girl's age, and knew either their actual age or that they were under 16 years old. Appellant then described in detail to the military judge that he engaged in sexually explicit conversations with the girls, including asking a 13-year-old girl to "finger" herself and then send him the audio file, telling another 14-year-old girl that she was "sexy" and asking her if she wanted to see his "c*ck," and also asking a 12-year-old girl to "help [him] cum" and asking whether she masturbates. Appellant also admitted that on each occasion concerning the specifications to which he pleaded guilty, he requested sexually explicit photos of each of the girls. Appellant explained on one occasion he asked a 14-year-old girl to send him a video of her masturbating. Additionally, Appellant admitted that he sent two pictures of his erect penis to a 14-year-old girl. Appellant acknowledged that he sometimes sent a picture of himself in his Air Force uniform, or he would inform them that he was in the Air Force. Finally, Appellant told the military judge that he discussed the possibility of meeting at least two of the girls in person.

## II. DISCUSSION

Appellant argues that his sentence to 26 months of confinement is inappropriately severe. Specifically, Appellant contends that his sentence failed to take into account two points: (1) that his offenses were "on the lower end of the severity spectrum . . . because he did not ever attempt to see, meet, or touch another person in real life"; and (2) the fact that he has "proven rehabilitative potential." We are not persuaded by Appellant's arguments and find that the sentence is not inappropriately severe.

During presentencing, the Government introduced Appellant's personal data sheet, enlisted performance reports, and an administrative demotion action for separate and unrelated misconduct. The military judge also received a victim impact statement from one of the teenage girls, in which she described how Appellant's actions impacted her in a negative way. Appellant, meanwhile, introduced an affidavit from a forensic psychologist, who provided—without specifically getting into Appellant's background or offenses—that the general recidivism rate for "non-contact" cases was low. Appellant also presented five character letters addressing his rehabilitative potential. Finally, Appellant's mother testified about his childhood, military service, and her positive observations of him as both a husband and father.

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citation omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (quoting *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam)). While we have great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We have considered the nature and seriousness of the offenses and have given individualized consideration to Appellant, including his upbringing, record of service, acceptance of responsibility, and pleas of guilty. We have also considered the materials offered by Appellant during presentencing. We find that 26 months of confinement is not an inappropriately severe punishment for Appellant, who had sexually explicit conversations with nine girls between the ages of 12 and 15 years old in order to gratify his sexual desires. We also find it noteworthy that the record does not support Appellant's argument that he never attempted to meet any of the girls in person, as he admitted in both the stipulation of fact and during his guilty plea inquiry that he told one 13-

year-old girl, "I was gonna [sic] see if you wanted to meet up sometime after we got to know each other," while also admitting that he told one 12-year-old girl, "I wish I could come to your house lol." (Alteration in original). After careful consideration of Appellant's arguments and the matters contained in the record of trial, we conclude the sentence is not inappropriately severe.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court