*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, HARRELL, and de GROOT
Appellate Military Judges

———————————————

**UNITED STATES**
*Appellee*

**v.**

**Braxston C. SPENCER**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202400328**

———————————————

Decided: 18 April 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Aran T. Walsh (arraignment)
Matthew M. Harris (trial)

Sentence adjudged 13 May 2024 by a special court-martial tried at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 60 days, forfeiture of $1,344 pay per month for two months, and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Michael W. Wester, JAGC, USN*

*22 April 2025: Administrative correction of Government Counsel's name.*

For Appellee:
*Lieutenant Commander  Gregory A. Rustico, JAGC, USNR*
*Lieutenant Lan T. Nguyen. JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

 A military judge sitting alone as a special court-martial convicted Appellant, pursuant to his pleas, of four specifications of larceny in violation of Article 121, Uniform Code of Military Justice [UCMJ].[1] In the sole assignment of error, Appellant asserts his sentence which included a bad-conduct discharge was greater than necessary to achieve the goals of sentencing in the military justice system. We find no error and affirm.

## I. BACKGROUND

On several different days in June 2023, Appellant stole from the Marine Corps Community Services at the Pacific Views Marine Corps Exchange (MCX). On 16 June 2023, Appellant, with the assistance of a fellow lance corporal, stole an Oculus 2 headset, electronic headphones, Nintendo Switch, a SONOS camera, an ASUS laptop, and a PlayStation 5 console, which, in total, was worth more than $1,000. He did so by taking the electronics off the shelf and placing them in the cart. He would then remove the security devices or "spider wraps" from the electronics, so he would not set off the alarm when he exited.[2] He walked through the exit without paying, put the items in his car, and drove them to his barracks room, where he put them in his locker and barracks room cabinet. He did not intend to return any of the items he took.

He took the same actions to steal a variety of items from the MCX on 19 June 2023 and at two separate times on 24 June 2023. On those days, Appellant took from the MCX two cameras, an Xbox console, graphic t-shirts, and a drill set among other items. The total value of those items was a little over

---

[1] 10 U.S.C. § 921.

[2] Pros. Ex. 1, at 3.

$750. Appellant admitted he took those items for his own personal use with no intention of returning them.

Pursuant to a plea agreement, Appellant pleaded guilty in exchange for the sentence limitations that included a cap on confinement, a cap on forfeiture of pay, and protection from a fine being adjudged. Although the plea agreement required reduction to E-1, the military judge had discretion to adjudge a bad-conduct discharge, but could not adjudge a fine, or any other lawful punishment.[3] Additionally, Appellant specifically waived any motions to include unreasonable multiplication of charges and a motion to suppress statements.

The military judge sentenced Appellant to reduction to paygrade E-1, a bad-conduct discharge, forfeiture of $1,344 pay per month for two months, and confinement for 60 days for each specification of the Charge to run concurrently.[4] Additionally, the military judge recommended that all confinement be suspended for a period of six months based on testimony and character statements that stated Appellant had "made a sincere effort to reform."[5]

Appellant submitted clemency based on the military judge's recommendation. He asked the convening authority to set aside the 60 days of confinement.[6] The convening authority declined to grant clemency or take action on the military judge's recommendation to suspend the confinement.[7]

## II. DISCUSSION

Appellant asserts that his sentence of a bad-conduct discharge is inappropriately severe and should be set aside given the nature of the offense, the military judge's acknowledgement of his rehabilitative potential, Appellant's character statements, and remorse for his actions.

We review sentence appropriateness de novo.[8] This Court "may affirm only the sentence, or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be

---

[3] Appellate Ex. V at 5–6.

[4] R. at 100.

[5] R. at 100.

[6] Request for Clemency at 1–2.

[7] Convening Authority Action at 2.

[8] *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).

approved."[9] In exercising this function, we seek to assure that "justice is done and that the accused gets the punishment he deserves."[10] The review requires an "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender."[11] We have significant discretion in determining sentence appropriateness, but we do not have discretion to engage in acts of clemency.[12]

A court-martial may adjudge any punishment authorized, except "[i]f the military judge accepts a plea agreement with a sentence limitation, the court-martial shall sentence the accused in accordance with the limits established by the plea agreement."[13] Additionally, "[t]he punishment which a court-martial may direct for an offense may not exceed such limits as the President may prescribe for that offense."[14] Given the terms of Appellant's plea agreement and the sentence adjudged, we find that the adjudged sentence did not exceed the maximum allowable sentence under the UCMJ, nor did it exceed the terms of the plea agreement.[15]

Appellant committed serious misconduct. He stole from the MCX on four separate occasions. Encouraged by his first sojourn into this criminal enterprise with a fellow Marine where he stole items worth a significant amount, he

---

[9] Article 66(d)(1) (2021) UCMJ, 10 U.S.C. § 866. On 27 December 2021, Congress removed this language from the current version of Article 66 as part of its broader effort to legislate sentencing reform. The current version of Article 66, as it applies to this Court's scope of review of a sentence on appeal, is inapplicable to Appellant's case because the new sentencing rules only apply if all offenses occurred after 27 January 2023. National Defense Authorization Act for Fiscal Year 2022, Pub. L. No. 117-81, § 539E(f), 135 Stat. 1706 (2021).

[10] *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

[11] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).

[12] The line between sentence appropriateness power and clemency power can be unclear. But it is a longstanding power of military appellate courts, in the interests of justice, to substantially lessen the "rigor of a legal sentence." *United States v. Joyner*, 39 M.J. 965, 967–68 (Kean, J. *dissenting*) (A.F.C.M.R. 1994) (quoting *United States v. Langford*, 6 U.S.C.M.A. 371, 378 (1955)). But a decision by a court of criminal appeals cannot be arbitrary or capricious, and must do justice with reference to some legal standard. *See United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (further citations omitted).

[13] Rule for Courts-Martial 1002(a)(2).

[14] Article 56(a), UCMJ, 10 U.S.C. § 856(a).

[15] *See United States v. Avellaneda*, 84 M.J. 656 (N-M. Ct. Crim. App. 2024).

went back to the same store a mere three days later for an expensive tool set. Appellant was so emboldened by his previous thefts, he chose to go back again five days later to steal not one time, but two times that day, filching a variety of items from clothing to electronics. He admitted to foiling the security measures in place to prevent theft and walking out each time, taking the items with him for his personal use.

It is instructive to this Court that the convening authority and Appellant agreed to give the military judge discretion on whether or not to adjudge a bad-conduct discharge. Further, it is also noteworthy that in his recommendation to the convening authority, the military judge only spoke of suspension of the confinement as a result of Appellant's attempt to reform and not the discharge.

The record shows Appellant's punishment was the foreseeable result of the plea agreement that he negotiated and voluntarily entered into with the convening authority.[16] Appellant voluntarily chose to plead guilty in accordance with the specific terms of an agreement he freely negotiated. As we have previously stated, "we generally refrain from second guessing or comparing a sentence that flows from a lawful pretrial agreement."[17] Accordingly, we find Appellant's sole assignment of error to be without merit.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[18]

The findings and sentence are **AFFIRMED**.



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[16] *United States v. Bocage*, No. 202000206, 2022 CCA LEXIS 311, *7 (N-M. Ct. Crim. App. May 25, 2022) (unpublished).

[17] *United States v. Widak*, No. 201500309, 2016 CCA LEXIS 172, *9 (N-M. Ct. Crim. App. Mar. 22, 2016) (unpublished).

[18] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.